UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR THE STUDY OF SERVICES, ALSO DBA CONSUMERS' CHECKBOOK, :<br><br>Plaintiff, :<br><br>v. :<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., :<br><br>Defendants. : | Civil Action No. 14-498 (GK) |

## MEMORANDUM OPINION AND ORDER

On May 20, 2014, a hearing was held in this case on Plaintiff's Motion for Preliminary Injunction [Dkt. No. 11].

Preliminary injunctions are "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." In re Navy Chaplaincy, 687 F.3d 1171, 1178 (D.C. Cir. 2012) (quoting Winter v. NRDC, 555 U.S. 7 (2008)); see also Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting Cobell v. Norton, 391 F.3d 251, 258 (D.C. Cir. 2004)) (noting that preliminary injunction is "extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion").

A party seeking a preliminary injunction must show: 1) a substantial likelihood of success on the merits; 2) that it would suffer irreparable injury if the injunction were not granted; 3) that an injunction would not substantially injure other interested parties; and 4) that the public interest would be furthered by the injunction. Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006); Davis v. Pension Benefit Guar. Corp., 571 F.3d 1288, 1291-92 (D.C. Cir. 2009) (discussing but not deciding whether Supreme Court decision in Winter created stricter standard than traditional "sliding scale" analysis).

However, a "failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction even if the other three factors entering the calculus merit such relief." Chaplaincy, 453 F.3d at 297 (citation omitted). Our Court of Appeals has "set a high standard for irreparable injury," requiring that it be "both certain and great" and that the alleged harm is "actual and not theoretical." Id. at 297 (internal quotation marks and citation omitted).

Plaintiff has failed to establish any "certain" or "great" injury to either itself or the public if the Court does not enter a preliminary injunction. Because the deadline for open enrollment for 2014 has already passed, the primary value of the

information currently requested is in allowing Plaintiffs to prepare to request and analyze data for the 2015 open enrollment period. Plaintiff has not shown that its future project will be seriously impaired if it begins to receive responsive documents in approximately 30 days, as the Court has ordered, instead of the 15 days requested. See, e.g., Landmark Legal Found. v. EPA, 910 F. Supp. 2d 270, 278 (D.D.C. 2012) (finding no irreparable injury where agency agreed to complete processing a request within short period of time).

Moreover, the public will not be irreparably harmed in the interim because there are already many online tools that enable consumers to compare health plans. See, e.g., healthcare.gov/health-plan-information (government website); member.carefirst.com/ individuals/health-care-reform/compare-and-buy-plans.page (carrier resource); affordable-care-plans.findthebest.com (third party analysis). Thus, though the Court recognizes that the public interest will be furthered by ensuring that additional, useful information is published in usable form as soon as possible, Plaintiff has not established that it or the public will suffer serious and certain harm in the absence of a preliminary injunction.

Thus, because Plaintiff has failed to establish that it or the public will suffer an irreparable injury if the injunction

is not granted, for all the reasons stated on the record in today's hearing, and based on the entire record herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Preliminary Injunction shall be **denied**; and it is further

**ORDERED**, that Defendants shall file a detailed, written Status Report on the information discussed at the hearing no later than **June 25, 2014;** no extensions of time will be granted; and it is further

**ORDERED**, that the parties will appear before the Court for a status conference to discuss Defendants' Status Report and next steps on **June 27, 2014,** at **10 a.m.;** and it is further

**ORDERED**, that this case shall be referred to Magistrate Judge Facciola for mediation related to the issues discussed at the hearing.

May 20, 2014

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF